1  Joseph Johnson, Jr.,

2  CO#000580-1

3  P.O. Box 5003

4  Coalinga, CA 93210

5  Plaintiff/Pro Se

*FILED*

*FEB 2 7 2008*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6

7

8  ## IN THE UNITED STATES DISTRICT COURT

9  ## FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  **JOSEPH JOHNSON, JR.,**    CV 08    CASE NO:    1177 (PR)

12      **Plaintiff**    **CIVIL RIGHTS COMPLAINT**

13  **Vs.**    **42 U.S.C.A § 1983**

14  **STEPHEN W. MAYBERG ,Ph.D.**    **JURY TRIAL DEMANDED**

15  **Director Of The California Department**

16  **Of Mental Health; And SYLVIA BLOUNT**

17  **Chief Of The Sex Offender Commitment**

18  **Program; JAMES S. CAHAN, Deputy District**

19  **Attorney Of Santa Clara County**

20      **Defendants**    /

21                    **I.**

22            **JURISDICTION AND VENUE**

23      This Court has subject matter and jurisdiction over the claims and causes of action

24  described herein pursuant to, Title 28 U.S.C.A. §1331, Title 28 U.S.C.A. §1343, And Title 42 U.S.

25  C.A. §1983.

26      Venue is proper in the Northern District of California because Plaintiff is not only a civil

27  detainee who's housed in the Santa Clara County Jail but is transported back and forth at the time

28

1  to Atascadero State Hospital, and now Coalinga State Hospital, and the area here in the Northern

2  District where the illegal act occurred.

3       Personal jurisdiction over Defendants is proper in this Court for the following reasons:

4      a.    Defendants, are domiciled within the state of California and are under the color of

5         state law, and or were employed by the state of California and the county of Santa

6         Clara, and Sacramento at all times relevant to this suit.

7      b.    Defendants' policies, standards, customs, and practices, affect institutions and the

8         Plaintiff in the state of California.

9      c.    Defendants' establish(ed) and enforce(d) policies, standards, practices and customs

10        with the knowledge that such conduct has caused and will continue to caused injury

11        to Plaintiff in this state of California.

12

## II.

13

## THE PARTIES

14     Based on California's Constitution, Statutory/laws, and the United States Constitutional

15 entitlements, Plaintiff, Joseph Johnson, Jr.,CO#580-1;P.O.Box 5003;Coalinga,CA 93210, does

16 hereby allege against/suit Defendants in their Individual and Official capacities:

17     (1) Defendant Dr. Stephen W. Mayberg, Ph.D. Director of California's Department of

18 Mental Health,1600 9th Street, Sacramento, CA 95814, Defendant is being suited in his individual

19 and or official capacity.

20     (2) Defendant Sylvia Blount, Chief Sex Offender Commitment Program, Department Of

21 Mental Health, 1600 9th Street, Room 250, Sacramento, CA 95814, Defendant is being suited in

22 her individual and or official capacity.

23     (3) Defendant James S. Cahan, Deputy District Attorney Of Santa Clara County,County

24 Government Center, West Wing, 70 West Hedding Street, San Jose, CA 95110, Defendant is

25 being suited in his individual and or official capacity.

26     1.    The individual Defendants named in paragraphs (1) through (3) are officers of the

27 State of California and are sued in their official and or individual capacity.

28

-2-

### III.

### NATURE OF THIS ACTION

2.    The action is brought pursuant to 42 U.S.C.A. § 1983 and the Constitution and laws of the United States of America, and the Statute, and Constitution of the State of California by Joseph Johnson, Jr., who is currently "in custody" at Santa Clara County Jail(SCCJ) and or Coalinga State Hospital (CSH) having been made subject to Welfare and Institutions Code § 6600 et seq process.

3.    Plaintiff Joseph Johnson, Jr., was originally committed as a sexually violent predator pursuant to the statutory requirements of Welfare and Institutions Code Section 6600 et seq, on May 25, 2000 following a jury trial. Defendant Santa Clara County District Attorneys filed a petition to re-commit Mr. Johnson on April 25, 2002. The petition covered the time period from May 25, 2002 to May 25, 2004. Plaintiff was committed on this petition on September 2 or 5, 2005.

4..    On March 3, 2004, prior to Plaintiff's first re-commitment, Santa Clara County District Attorney office filed a second re-commitment petition that covered the time period from May 25, 2004 to May 25, 2006. The second petition was supported by reports written by Dr. Korpi and Dr. Jeko state evaluators. On October 4,2005 there was an third Petition filed by the Santa Clara County District Attorney's office, it covered the time period of May 25, 2006 to May 25, 2008. This Petition was supported by reports written by Dr. Korpi and Dr. Jeko two state evaluators. These Two 2004-2006;2006-2008 petitions where consolidated on February 7, 2006 over Mr. Johnson's objection. The consolidation matter was set for jury trial on March 6,2006.

5.    On January 13, 2006, deputy district attorney Robert Johnson requested the court and the Department of Mental Health to perform psychological evaluation report "Updates".(See Exhibit "A" attached). Dr. Korpi completed his evaluation report and found that Mr. Johnson did not qualify as a sexually violent predator under W&CI section 6600 et seq. Dr. Jeko also completed her updated evaluation report and found that Mr. Johnson did not qualify as a sexually violent predator under W&IC section 6600et seq.

6.    On April 7, 2006, Dr. Jeko was replaced by Dr. Coles as the second independent

-3-

1    evaluators. Dr. Coles also agreed after completion of his evaluation report that Mr. Johnson
2    does/did not meet the SVP criteria of W&IC section 6600 et seq.

3        7..    On May 8, 2006, Dr. David K. Fennel, Medical Director of the Atascadero State
4    Hospital, reviewed these evaluations and found no substantial medical issues with he disagrees.
5    (See attached Exhibit "B").

6        8.    These evaluation reports where forward to the Director of Mental Health for
7    departmental review by Dr. Fennell, along with his letter to Mr. Rodriquez. On May 16, 2006 the
8    Department of Mental Health Director Dr. Stephen W. Mayberg, Ph.D. notified Mr. George
9    Kennedy District Attorney of Santa Clara County that Mr. Johnson, had been evaluated by two
10    updated evaluations, and both evaluations found that Mr. Johnson does not meet the SVP criteria.
11    (See attached Exhibit "C").

12        9.    On August 25, 2006, a letter was written to Sylvia Blount, Chief Sex Offender
13    Commitment Program Evaluation, by Mr. Johnson's Deputy Public Defender, Ralph W. Benitez,
14    "Demanding for the California Department of Mental Health to File a Welfare and Institutions
15    Code section 7250 Writ of Habeas Corpus Pursuant to Welfare and Institutions Code section 6605
16    (f) and or (b)".(See attached Exhibit "D").

17        10.    On September 26, 2006 a response letter by Sylvia Blount was received by Mr.
18    Johnson's attorney Mr. Benitez  (See attached Exhibit "E") stating in the second paragraph:
19    *"Please be advised that Dr. Fennell, as Medical Director of Atascadero State Hospital(ASH),*
20    *can represent and speak for ASH in that capacity, but does not represent the Department's*
21    *opinion nor does he speak for the Department when the statute calls for action by the*
22    *"Department" or the "Director of  the Department." The final decision on whether or not to*
23    *proceed, and how to proceed, on any case, when the statute calls for action or decision by the*
24    *Department must be made by the Director of the DMH. In addition, the letter from Dr. Fennell*
25    *only states that he cannot find anything to disagree with, medically, in the evaluation reports.*
26    *This does not mean that the Department has concluded, or must conclude, that your client is no*
27    *longer a Sexually Violent Predator. It is for these reasons that DMH will not be filling a Writ of*
28    *Habeas Corpus."*

-4-

1    11.    On October 10, 2006, Mr. Johnson's attorney Ralph W. Benitez replied to Ms.

2  Sylvia Blount letter(See attached Exhibit "F") this time with a copy of Dr. Stephen W. Mayberg,

3  Ph. D. the Director of the Department of Mental Health confirming and citing the above

4  referenced exhibits and materials.    After this October 10, 2006 reply letter from Mr. Johnson's

5  attorney Mr. Benitez complying with Ms. Blount's September 26, 2006 letter of response, with a

6  copy of Dr. Stephen W. Mayberg's, Ph.D. stating that Mr. Johnson is not an SVP. Ms. Blount has

7  refused to respond to any of Mr. Johnson's attorney's phone calls and or letters until this day.

8    12.    Defendants Sylvia Blount, Dr. Stephen W. Mayberg, Ph.D. and James S Cahan

9  refused and deprived Plaintiff of his liberty rights afforded by the California and United States

10  Constitutions, and the Welfare and Institutions Code section 6605 subdivision (f) and or (b).

11    **IV.**

12    **STATEMENT OF CLAIMS RALATED TO PLAINTIFF'S LIBERTY INTEREST:**

13    **NATURE OF THE CASE**

14    13.    This is a civil rights complaint alleging that Plaintiff is and has been

15  deprived of his liberty as a civil detainee who no longer fits and or qualifies as an Sexually Violent

16  Predator(SVP) pursuant to Welfare and Institutions Code section 6600 et seq at the Department of

17  Corrections, and the Santa Clara County Jail (hereinafter, "DOC,SCCJ"), and the California

18  Department of Mental Health (hereinafter "DMH") in violation of Federal and States

19  Constitutional, and State Statutory laws and rights.

20    14.    Plaintiff's Constitutional rights to Due Process and Equal Protection

21  pursuant to (Cal.Const.Art. 1,§§ 7 and 15; U.S. Const. 14th Amend.) entitled him under Welfare

22  and Institutions Code Section 6605 subdivision (f) and or (b) et seq, to full judicial hearing on the

23  question that the court unconditional release and unconditional discharge him upon the grounds

24  that he no longer is an sexually violent predator, nor meets the definition as an sexually violent

25  predator.

26    15.    Welfare and Institutions Code (hereinafter W&IC) § 6605 subdivision (b)

27  requires:

28    *"If the Department of Mental Health determines that either (1) the person's*

-5-

> *condition has changes that the person no longer meets the definition of a*
> *sexually violent predator. (2) … "the director shall authorize the person to*
> *petition the court for … unconditional discharge … ." The court, upon receipt of*
> *the petition for … "unconditional discharge, shall order a show cause hearing*
> *at which the court consider the petition and any accompanying document*
> *provided by the medical director, the prosecuting attorney or the committed*
> *person."* and or,

Welfare and Institutions Code § 6605 subdivision (f) requires:

> *"In the event that the State Department of Mental Health has reason to believe*
> *that a person committed to it as a sexually violent predator is no longer a sexually*
> *violent predator, it shall seek judicial review of the person's commitment*
> *pursuant to the procedures set forth in Section 7250 in the superior court from*
> *which the commitment was made. If the superior court determines that the*
> *person is no longer a sexually violent predator, he or she shall be unconditional*
> *released and unconditional discharged.*

16.     The standard had been trigged by the State Department of Mental Health, and the Medical Director at Atascadero State Hospital determination that Plaintiff is no longer an sexually violent predator pursuant to W&IC § 6605 subd.(b) and or (f) et seq.

17.     The evidence in this case legally obligated the Department of Mental Health Director to take legal Sexually Violent Predator Act (hereinafter SVP) statutory procedural steps Pursuant to W&IC § 6605 subd.(f) and or (b) as being incumbent upon them to bring this matter forward.

18.     As explained in the DMH Director Stephen W. Mayberg's Ph. D letter (see attached Exhibit "C"), "the DMH evaluated Mr. Johnson for recommitment proceedings pursuant To W&IC § 6605 et seq. For those proceedings the two panel doctors Dr. Korpi, and Dr, Coles, Concluded that Mr. Johnson no longer meets the W&IC § 6600 et seq criteria.  Thus, both state doctors believe that he is no longer a sexually violent predator. Dr. David K. Fennell, Medical

1  Director of Atascadero State Hospital, reviewed the evaluations and found no substantial medical
2  issues with which he disagreed (see attached Exhibit "B").

3      19. The Atascadero State Hospital (hereinafter "ASH") medical director non-objection
4  to the evaluation process, methodologies used, analysis, reasoning, substantial medical issues or
5  conclusions that Mr. Johnson no longer qualifies as an SVP, further supports the intellection that
6  the threshold has been met. The Department of Mental Health Director, StephenW. Mayberg, Ph.
7  D., reviewed and cited the evaluation reports findings, and Dr. Fennell's letter, as stated above, the
8  DMH's Director Mayberg non-objection and his suggestion to the Santa Clara County District
9  Attorneys Office, to scrutinize the process for material legal error outlined in *Ghilotti* California
10 Supreme Court ruling, in which the district attorney's office neglected/refused to do, also supports
11 the evaluation process and the professional conclusions in triggering of the standard.

12     20. Finally, the Deputy District Attorney James S. Cahan, instead of accommodating
13 his mandatory obligations pursuant to the SVP Act § 6600 et seq, but more specifically § 6605 (f)
14 and or (b), along with the supporting letters of determination and verification that Mr. Johnson is
15 no longer an SVP from the Medical Director of Atascadero State Hospital (Dr. Fennell), and from
16 the Director of California Mental Health Department (Dr. Mayberg), and it must be mention that
17 the three state evaluators, along with Mr. Johnson's two evaluators, all stating and coming to the
18 same conclusions that Mr. Johnson does not meet the SVP criteria. Defendant Cahan insist on
19 depriving Plaintiff of those major recent developments, and not taken Dr. Mayberg's suggestion in
20 his letter, "to scrutinize the process for material legal error outlined in ***Ghilotti*** California Supreme
21 Court ruling." He instead, presses to go with a new (indeterminate / retroactive) recommitment
22 proceeding without giving Plaintiff a trial, and succeeds at it.

23     21. Therefore, under sections 6605 subd. (f) and or (b) of W&IC, the Defendants had a
24 legal duty to bring this matter forward to the Santa Clara superior court to determine unconditional
25 discharge and unconditional release for Mr. Johnson.

**V.**

**STATUTORY FRAMWORK**

28     22. The SVP law provides for involuntary commitment to certain sexually violent

offenders for the purpose of treatment (§§ 6600-6604.1); *People v. Hedge* (1999) 22 Cal.App.4[th] 1466, 1469, 86 Cal. Rptr. 2d. 52. A commitment generally lasts two years, but the law contains several provisions allowing an interim review of the SVP's condition in the event it materially improves before the expiration of that period. (§§ 6604-6608) *Hubbart v. Superior Court* (19991) 19 Cal.4[th] 1138, 1447, 81 Cal. Rptr.2d 492, 969 P.2d 584.

23.    In *Burris v. Hunter* 290 F.Supp.2d 1097 (2003) at p. 1101, the Ninth Circiut Court of Appeals decided : *"Under California's law a new petition to extend an offenders commitment for another two years constitutes a new and separate civil action.* In deed the sexually violent predator Act (SVP) does not use the term "Petition" for recommitment under this article, *Butler v. Superior Court* 93 Cal.Rptr.2d 468, notes: *"that a new petition as "The nature of the act thus envisions a special civil commitment proceeding that has begun and then continues, changes or ends depending upon the current mental condition and dangerousness of the proposed and committed SVP at the time he or she is nearing release from custody of the Department of Correction. Although the same requirements or issues are involved in alleging any " cause" filed via petition under the act, the actual facts or circumstances comprising that "cause" in a subsequent petition will necessarily be different due to the addition of new facts bearing on those issues based on the sheer passage of time which may support the release or commitment of the proposed SVP. "* **Butler** *; Litmon/Johnson v. Superior Court* 21 Cal. Rptr.3d. 21, at p. 29 (2004) 123 Cal.App. 4th 1156; and *People v. Hedge* 72 Cal.App.4[th] 1466, at p.1476, 86 Cal.Rptr.2d 52.

24.    The California Coalition on Sexually Offending (CCSO) hasn't any articles on risk assessment. there are no consensus among professional treatment providers and researchers on assessing risk levels. It has been established and quote in *People v. Gibson* 204 Cal.App.3d 1425, 252 Cal.Rptr.56, at footnote #16: *"our California Supreme Court has expressly rejected a permanent conclusive presumption of dangerousness because inter alia the passage of time by itself diminishes the validity of presumption. "* Quoting *(Conservatorship of Hoffeber, supra,* 28 Cal,3d at p. 117, 167 Cal.Rptr.854, 616 P.2d 836.

25.    In *Foucha v. Louisiana* (1992) 504 U.S. 71,112 S.Ct. 1789, 118 L.Ed.2d 437, the United States Supreme Court held that to commit a person to a mental institution in a civil

1  proceeding, the State must prove by clear and convincing evidence that the person suffer from a
2  mental illness and hospitalization is required for his own welfare and protection of others *(Id.at*
3  *pp. 74-75, 112 S.Ct. 1780).* When the person has recovered his sanity or no longer  dangerous, he
4  must be released. *(Id. At p.77, 112 S.Ct. 1780).*

5          26.    Although, Plaintiff had been found to meet the SVP Act criteria were he had been
6  found to be an SVP at a previously held probable cause hearing, that mental SVP Act criteria
7  determination no longer exist pursuant to the (attached Exhibits "B" and "C") W&IC. § 6605
8  subd.(f) and or (b). *"Even if involuntary confinement of a mental patient was initially permissible,*
9  *it could not constitutionally continue after that basis no longer existed."* See *O'Conner v.*
10 *Donalson* 422 U.S. 563, at p.574-575, 45 L.Ed.2d 396; see *Jackson v. Indiana, supra,* 406 U.S., at
11 738, 92 S.Ct..., at 1858; *McNeil v. Director, Patuxent Institution, supra, 407 U.S.245, 32 L.Ed.2d*
12 *719, 92 S.Ct. 2083 (1972).*

13         27.    Therefore, under section 6605 subd.(f) and or (b), the Department of Mental
14 Health Director, and the Atascadero State Hospital Director had stated their position (See attached
15 Exhibits "B" and "C"), that the Plaintiff no longer is an SVP.  Now, it was incumbent upon : (1)
16 the Director(Mayberg) of the Department of Mental Health to bring this petition forward,  (2) the
17 Chief  Sex   Offender Commitment Program Evaluation (Ms. Sylvia Blount) not to prohibit and
18 or prevent this procedure from going forward pursuant to W&IC. § 6605  subdivisions(f) and or
19 (b), and (3) the deputy district attorney (James S. Cahan) of Santa Clara county not fail to act ,
20 prohibit, and or prevent in any manner Plaintiff's liberty interest of being unconditional discharge
21 and unconditional release due to his current mental evaluation determinations that he is no longer
22 an SVP.

23                          **ARGUMENTS/FACTUAL ALLEGATIONS**

24         28.    When there has/had been a determination by the Department of Mental
25 Health(Director) that the person's condition had/has changed that the person on longer meets the
26 definition of a sexually violent predator, such as in this case, there has been a determination.(see
27 attached Exhibits "B" and "C") pursuant to W&IC. § 6605 subd.(f) and or (b).)

28         29.    Defendants are legally responsible and obligated to provide for not only the

1  care and treatment of Plaintiff, but if the petition and or commitment process should go forward or

2  not in whole or in part.

3      30.    Defendants are obligated to implement and or to carry out this process in a

4  manner that does not infringe upon Plaintiff's SVPA statutory provisions, California's and the

5  United States Constitutional rights, as protected by the California's Constitution Due Process and

6  Equal Protection rights, and the United States Due Process and Equal Protection rights under the

7  Fourteenth Amendment under the United States Constitution. Plaintiff had and has a liberty

8  interest at stake here.

9      31.    At all times, Defendants have acted or failed to act, as alleged herein, under

10  color of state law.

11      32.    Plaintiff has been confined at (ASH; CSH; SCCJ/DOC), since May of 2006,

12  because Defendants have refused and failed to go forward on the their own professional

13  determination that Plaintiff is no longer, nor does he meet the criteria as an SVP pursuant to

14  W&IC. § 6605 et seq.

15      33.    Since May of 2006, Defendants has supported, services customs, and policies

16  that substantially departed from generally accepted professional standards of care, thereby

17  exposing Plaintiff to significant risk, of/or actual harm, and undue confinement in a mental

18  institution and county jail settings.

19      34.    Since May of 2006, Defendants has supported services customs,  and

20  policies that substantially departed from generally accepted professional standards of care in the

21  following specific respects, among others:

22      a.   The provision of adequate implementation of the SVP Act (§ 6605 subdivision (f)

23          and or (b).)  Especially, when the requirements had been met, and when the

24          Defendants positions are in compliance with the statute.

25      b.   The provision of adequate protections from harm, and undue confinements.

26      c.   The provision of  adequately executing promptly the process of unconditional

27          discharge and release once it had been determine by the DMH's Director that a

28          person no longer meets and or fits the criteria as an SVP.

35. Since May of 2006, Defendants have failed and continues to fail to apply the SVP Act § 6605 subd. (f) and or (b) mandatory prerequisites that is to be implemented by the Defendants to protect the rights and privileges of patients/Plaintiff confined under the SVP Act.

36. Since May of 2006, Defendants have refused to resolve Plaintiff's current clinically diagnostic determination that he is no longer an SVP, in a timely and clinically justifiable manner as required by law pursuant to the SVP Act (W&IC.§ 6600 et seq).

37. Since May of 2006, Defendants has failed to provide Plaintiff with the adequate required explanation and determination why they refuse to adhere to the SVP Act statutory procedural mandatory prerequisites pursuant to(W&IC. § 6605 subd.(f) and or (b). For example:

1. On May 16, 2006,a letter from the Director of DMH Defendant Mayberg determination and verification that Plaintiff does not meet the SVP criteria any longer, but that the district attorney of Santa Clara county should scrutinize the process for material legal error outlined in ***Ghilotti*** the California Supreme Court's ruling. The district attorney refused, and did not do that, they merely proceeded to have Mr. Johnson committed to an indefinite retroactive "Life" sentence without a trial on the merits.

2. On September 26, 2006, a response letter from Sylvia Blount was received by Plaintiff's attorney, stating in pertinent part: ..." *"the statute calls for action by the "Department", or the "Director of the DMH." The final decision on whether or not to proceed , and how to proceed, on any case, when statute calls for action or decision by the "DMH" or the "Director of the DMH."*

3. On October 10, 2006, Plaintiff's attorney respond to Ms. Blount letter with a copy of a letter from the *"Director (Stephen W .Mayberg ) of Mental Health"* stating that Mr. Johnson is no longer an SVP.  This letter had accommodated and complied with Defendant Blount's request and the SVP Act requirements.  Defendant Blount has refused and

-11-

1    failed to respond and adhere with the adequate required prerequisites to

2    Plaintiff's compliance to her request and the statutory SVP Act (W&IC.

3    § 6605 subd. (f) and or (b) provisions.

4    38.    Since May of 2006, when it had been determine and verified that

5  Plaintiff is no longer an SVP, nor does he meet the SVP Act criteria, Defendants have allowed

6  Plaintiff to remain confined/placed in the custody of Santa Clara county jail, and Atascadero and

7  Coalinga State Mental Hospitals/Institutions, without providing Plaintiff with a timely and

8  justifiable manner of unconditional discharge and release hearing pursuant to W&IC.§ 6605

9  subd.(f) and or (b), as required under due process and equal protection of the SVP statutory Act,

10  and California's and the United States Constitutions.

11                                      **CLAIM ONE**

12    39.    Since May 16, 2006, Defendants have violated Plaintiff's Due Process

13  rights under the Cal.Const. Art. 1, §§ 7 & 15; and the Fourteenth Amendment of the United States

14  Constitution by the following:

15    38.    Plaintiff incorporates by reference the allegations set forth in

16  Paragraphs 1 through 38 as if fully set forth herein.

17    39.    Since May 16, 2006, the egregious and flagrant acts and omissions

18  alleged in paragraphs 1 through 38 constitute a pattern and or practice that violates Plaintiff's

19  Federal rights, as protected by the Fourteenth Amendment to the Constitution of the United States,

20  and by 42 U.S.C. § 1983.

21    40.    Unless restrained by this Court, Defendants will continue to engage

22  in the egregious and flagrant acts and omission set forth in paragraphs 1 through 38 that deprived

23  Plaintiff of rights, privileges, or immunities secured or protected by federal law, and has and will

24  cause irreparable harm to Plaintiff.

25                                      **CLAIM TWO**

26    41.    Since May 16, 2006 Defendants have violated Plaintiff's Equal

27  Protection rights under California's and the United States Constitutions as set forth in Paragraphs

28  1 through 38, by treating Plaintiff different than other similarly situated person in this state and

1   other state hospitals, who has involuntary civil committed persons, then whom has been determine
2   the person no longer meets the criteria to be confined as an SVP and or otherwise pursuant to state
3   statute, and allowing persons similarly situates to remain confined.

4                                    **PRAYER FOR RELIEF**

5          42.      Plaintiff seeks declaratory, and injunctive relief, against all
6   Defendants where appropriate.

7          WHEREFORE, Plaintiff prays that this Court enter an order:

8                          a.     Declaring that acts, omissions, and practices of Defendants
9                                 set forth in paragraphs 1 through 38 above constitute a
10                                pattern or and practice of resistance to Plaintiff's full
11                                enjoyment of rights, privilege or immunities secured or
12                                protected by the Constitution and laws of the United States;
13                                and

14                         b.     Permanently enjoining Defendants, their offices, agents,
15                                employees, subordinates, successors in office, and all those
16                                acting in concert or participation with them, from continuing
17                                the acts, omissions, and practices set forth in paragraphs 1
18                                through 38 above and that this Court required Defendants to
19                                take such actions as will ensure lawful procedures in
20                                accordance with the SVP Act W&IC. §§ 6600et seq.6605
21                                subd. (f) and or (b), afforded all other patients here and at
22                                other state hospitals.

23                         c.     Grant Injunctive relief requiring Defendants to comply with
24                                the SVP Act W&IC. § 6605 subd.(f) and or (b).

25                         d.     Plaintiff further indulge the Court to Grant relief, that this
26   complaint is not barred under *Heck,* simply because Plaintiff is at most had seek a hearing, at
27   which Plaintiff might or might not received a favorable judgment which will not necessarily imply
28   invalidity of his commitment state imposed confinement,(*Citing Heck,* 512 U.S. at 114 S.Ct. 2364)

1    This reasoning applied with equal force and dictated the outcome in *Osborne v. District Attorney's*
2    *Office for the Third Judicial Dist.,* 423 F. 3d 1050 *(C.A. 9th (Alaska) 2005).*   Because success on
3    this § 1983 claim guarantees only access to a hearing. Though he concedes that he ultimately
4    hopes to be vindicated.  First, success would yield only access to the hearing—nothing more. See
5    *Bradley v. Pryor,* 305 F.3d 1287,1288 (11ᵗʰ Cir.2002) at 1290 *("[A prisoner] prevails in this*
6    *lawsuit once he has access to that evidence or an accounting for its absence.").*    Second, further
7    the hearing may prove exculpatory, inculpatory, or inconclusive; thus, there is a significant chance
8    that the results will either confirm or have/had no effect on the validity of Mr. Johnson's
9    confinement. See *Harvey v. Horan II* 285 F.3d 298, *at* 308 *(" that these scientific possibilities,( in*
10    *this case psychiatric evaluation reports")exist,* in and of itself, suffices to establish that the
11    asserted right of mere access is not a direct, or for that matter even an indirect, attack on one's
12    conviction, commitment or sentence".   And third, even if the results would or had exonerate Mr.
13    Johnson, separate action alleging a separate constitutional violation altogether would be required
14    to overturn his commitment/conviction. See id.; *Bradley,* 305 F.3d at 1290.        And    it    is
15    repeatedly emphasized that to barred under *Heck,* a §1983 claim must, if successful, necessarily
16    demonstrate the invalidity of confinement or its duration. Id at 1247-48; see id. At 1248 (citing
17    counsel's concession below that claims would not "inevitably" lead to release) These statements
18    would undercut considerably any argument and or rejection on the grounds that Mr. Johnson's
19    claim is *Heck*-barred even if he only to "facilitate" or "set the stage" for future attack on his
20    conviction. *Wilkinson v. Dotson,* ---U.S.---125 S.Ct.----, 1242, 161 L.Ed.2d 253 (2005).

21            I Joseph Johnson, Jr.., declare under the penalty of perjury that the foregoing
22    is true and correct.  Executed on February 2, 2008, at Coalinga State Hospital, City of Coalinga,
23    Fresno County, CA. 93210.
24    Dated: February 22, 2008                    Joseph Johnson, Jr.
25                                                Plaintiff/Pro Se.
26
27
28

-14-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**

# County of Santa Clara

Office of the District Attorney

unty Government Center, West Wing
70 West Hedding Street
San Jose, California 95110
(408) 299-7400
www.santaclara-da.org

George W. Kennedy
District Attorney

January 13, 2006

Atascadero State Hospital
Health Information Management Dept.
Attention: Ms. Jennifer Brush
P.O Box 7004
Atascadero, CA 93423 - 7004
Fax Number: (805) 468-2582

Re: **People v. Joseph Johnson Jr.**; Santa Clara County Case # 210431,  AT # 050302-9

Dear Ms. Brush:

Pursuant to Penal Code section 6603(c)(1), I am requesting updated evaluations on
respondent ▓▓▓▓▓▓▓▓. A significant period of time has elapsed without such an
evaluation, regarding respondent's status as a Sexually Violent Predator. These updated
evaluations should directly address the following questions:

1. Does respondent currently have a diagnosed mental disorder, i.e., a congenital
   or acquired condition affecting his emotional or volitional capacity that
   predisposes him to the commission of criminal sexual acts in a degree
   constituting him a menace to the health and safety of others?

2. If the above is true, does respondent's diagnosed mental disorder make it
   likely that he will engage in sexually violent criminal conduct if released?
   ("Likely" in this sense means that Respondent presents a <u>serious and well
   founded risk</u> of committing sexually violent criminal acts; the evaluators
   should make clear that they are using this definition).

3. If the above is true, will this sexually violent criminal conduct be predatory in
   nature? ("Predatory" in this sense means that an act is directed toward a
   stranger, a person of casual acquaintance with whom no substantial
   relationship exists, or an individual with whom a relationship has been
   established or promoted for the primary purpose of victimization; again, the
   evaluators should make clear that they are using this definition).

4. Finally, is Respondent amenable to voluntary treatment? If so, does this change the evaluator's opinion that Respondent poses a serious and well-founded risk of committing sexually violent predatory criminal acts upon release.

**The court has set the date(s) of March 6, 2006, and June 19, 2006 for jury trial. My office has filed a Motion to Consolidate both trials (to the March 6 date). This motion is set for hearing on January 27, 2006. If possible, please ensure that they are completed for receipt in the court before the March 6 trial date.**

The respondent's attorney is:

Mr. Ralph Benitez, Ofc. Of The Public Defender, 120 West Mission Street, San Jose, CA 95110

Should there be any questions, please do not hesitate to contact me at (408) 792-2723. Thank you very much.

Sincerely,

Robert E. Johnson
Deputy District Attorney

cc: Mr. Ralph Benitez
Deputy Public Defender

Hon. Paul Bernal, Judge of the Superior Court;
Hon. Alfonso Fernandez, Judge of the Superior Court





CALIFORNIA DEPARTMENT OF
# Mental Health

Atascadero State Hospital
P.O. Box 7004, Atascadero, CA 93423-7004
(805) 468-2000  Fax: (805) 468-2582

## Memorandum

| To: | Sylvia Blount | Date: | January 23, 2006 |
|---|---|---|---|
| From: | Stephanie Chavez, CCRA<br>Acting SVP Coordinator | Ph.:<br>Fax: | (805) 468-3192<br>(805) 468-2582 |

**Subject:**  Request for contract evaluator to complete an
UPDATE W&I 6604 evaluation to court.

| Evaluator: | DR. KORPI |
|---|---|

| PATIENT NAME: | JOHNSON, Joseph |
|---|---|
| AT#: | 050302-9 |
| County of Commitment: | Santa Clara |
| Expiration of Commitment: | 5-25-2004 |
| Due Date: | 2-27-2006 |
| Current Housing Unit: | COURT LEAVE |
| Treatment Team Contact Person: | |
| Hearing / Trial Date: | 3-08-2006 |

| DDA Assigned to Case: | Robert Johnson T: 408-792-2723 |
|---|---|
| Defense Attorney of Record: | Ralph Benitez |
| COMMENTS: | OVERLAPPING |

Contact Jennifer Brush at (805)-468-2274 or the ASH Review Desk at (805)-468-2679 to review
the medical record. Please utilize the procedure and timeline identified in DMH Order 328.07, and
the report format specified in Attachment A of the same Special Order.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT "B"</u>**



CALIFORNIA DEPARTMENT OF
Mental Health

Atascadero State Hospital
P.O. Box 7001, Atascadero, CA 93423-7001
(805) 468-2000  Fax: (805) 468-2582

May 8, 2006

John Rodriguez
Deputy Director
Department of Mental Health
Division of Long Term Care Services
1600 9th Street
Sacramento, California 95814

PATIENT NAME:                                        JOHNSON, Joseph Jr.
STATE HOSPITAL NUMBER:                   050302-9
SUPERIOR COURT CASE NUMBER:      210431
DATE TERM OF COMMITMENT EXPIRES:   May 24, 2004

Dear Mr. Rodriguez:

Mr. Johnson has been evaluated by two independent evaluators using Department of Mental Health standardized protocols for the evaluation of persons who are being considered for commitment under WIC 6600 et seq.

Update evaluations dated February 26, 2006, and April 30, 2006 were received with negative findings. Two evaluators have found the individual to not be one of the members of the class described in the statute. On review of the medical record and the evaluation reports, I find no substantial medical issues with which I disagree.

I am forwarding these reports for departmental review. When review is completed, the reports and endorsements should be forwarded to the District Attorney of Santa Clara County.

Sincerely,

DAVID K. FENNELL, M.D.
Medical Director

DKF: lc

Enclosures

c:      Sylvia Blount, SOCP
        Mel Hunter, Executive Director
        Stephanie Chavez, SVP Coordinator

1
2
3
4
5
6
7
8
9
10
11
12
13
14                                    **EXHIBIT "C"**
15
16
17
18
19
20
21
22
23
24
25
26
27
28





# CALIFORNIA DEPARTMENT OF
# Mental Health

1600 9th Street, Sacramento, CA  95814
(916) 654-2309

May 16, 2006

Mr. George Kennedy
District Attorney
Santa Clara County
70 West Hedding Street
San Jose, CA 95110

Dear Mr. Kennedy:

PATIENT NAME:                                  Joseph Johnson Jr.
DATE OF BIRTH:                                 10/02/1947 (Age 58)
STATE HOSPITAL NUMBER:                         050302-9
DATE SVP COMMITMENT EXPIRES:                   05/24/04

This is to notify you that the Department of Mental Health (DMH) has evaluated
the above named patient, an individual committed on May 24, 2000 by the Santa
Clara County Superior Court as a Sexually Violent Predator (SVP) under Welfare
and Institutions Code (WIC), Section 6600. Mr. Johnson has been recommitted
one time. His second and third recommitment proceedings are currently pending.
In the case of Mr. Johnson, two updated evaluations were performed in
anticipation of upcoming court proceedings. Both evaluations found that Mr.
Johnson does not meet SVP criteria.

In accordance with a process outlined in the Ghilotti California Supreme Court decision
your office may wish to consider submission of the attached evaluations to the court with a
request that they be scrutinized for material legal error. Taking this action may act to
ultimately assure the public that all proper and required standards were followed.

Joseph Johnson
Page 2
May 16, 2006

Enclosed for your information are copies of the relevant forensic reports. Please contact
David K. Fennell, M.D. Medical Director, Atascadero State Hospital, at (805) 468-2000 or
Sylvia Blount, Chief, Sex Offender Commitment Program Evaluation, at (916) 653-2088, if
further information or assistance is needed.

Sincerely,

STEPHEN W. MAYBERG, Ph.D.
Director

Enclosure

cc: Santa Clara County Sheriff
    Chief of Police, Santa Clara Police Department
    David K. Fennell, M.D. Medical Director, Atascadero State Hospital

1
2
3
4
5
6
7
8
9
10
11
12
13
14                          **EXHIBIT "D"**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

County of Santa Clara
Law Offices of the Public Defender
**Public Defender**
120 West Mission Street
San Jose, CA 95110
(408) 299-7700 / Fax (408) 998-8265



MARY J. GREENWOOD
Public Defender

August 25, 2006

Sylvia Blount, Chief
Sex Offender Commitment Program Evaluation
Department Of Mental Health – Sacramento
1600 9th Street, Room 250
Sacramento, CA 95814

Re:     Mr. Joseph Johnson  – Santa Clara County SVP Petition # 210431

Demand For The California Department of Mental Health to File a
Welfare and Institutions Code section 7250 Writ of Habeas Corpus
Pursuant to Welfare and Institutions Code section 6605 (f)

Dear Ms. Blount.

Mr. Joseph Johnson Jr. was committed on May 24, 2000, by the Santa Clara County
Superior Court as a sexually violent predator under Welfare and Institutions Code
sections 6600, et. seq. (Hereinafter "SVPA"). In 2006 the Department of Mental Health
re-evaluated Mr. Johnson pursuant to the SVPA. As you are aware, both state evaluators
have concluded that Mr. Johnson does not qualify as a sexually violent predator. (See
attached Exhibits A and B). Doctor David K. Fennel, Medical Director of the Atascadero
State Hospital, reviewed these evaluations and found no substantial medical issues with
which he disagreed. (See attached Exhibit C).

Welfare and Institutions Code section 6604, subdivision (f) states as follows: "In the
event that the State Department of Mental Health has reason to believe that a person
committed to it as a sexually violent predator is no longer a sexually violent predator, it
shall seek judicial review of the person's commitment pursuant to the procedures set
forth in Section 7250 in the superior court from which the commitment was made."
(Emphasis added; hereinafter "6605 (f)"). Welfare and Institutions Code section 7250
sets forth the procedures for writ of habeas corpus.

In this case, it is apparent that Mr. Johnson is no longer a sexually violent predator. The
Department of Mental Health re-commitment evaluation conducted in accordance to the
SVPA resulted in findings that Mr. Johnson no longer a sexually violent predator. Both
professional panel evaluators have concluded he does not qualify under the SVPA.
Finally, the Medical Director of Atascadero State Hospital does not disagree with the
panel evaluators' conclusions. The low "reason to believe" statutory requirement has

Assistant Public Defenders:  Nancy Brewer, Joe Guzman, and Nona Klippen

09/26/2006  15:26    9166532257                    DMH SOCP                              PAGE  03/03

been met. Therefore, under section 6605 (f) the Department of Mental health has a legal duty to bring a Welfare and Institutions Code section 7250 writ of habeas corpus in the Santa Clara County Superior Court.

Mr. Joseph Johnson Jr., through his legal representative, hereby demands that in accordance with Welfare and Institutions Code section 6605, subdivision (f), the California Department of Mental Health, or its legal representative, take action and immediately file a writ of habeas corpus pursuant to Welfare and Institutions Code section 7250.

Mr. Joseph Johnson Jr. also demands that should the writ of habeas corpus matter be calendared before the Santa Clara County Superior Court Judge, Paul Bernal, The Department of Mental Health, or its legal representative, file a peremptory challenge pursuant to the Code of Civil Procedure 170.6 against Judge Bernal.

Thank you for your quick attention to this matter. Time is of the essence; please reply by September 30, 2006.

Very truly yours,

Ralph W. Benitez
Deputy Public Defender
(408)299-7752

1

2

3

4

5

6

7

8

9

10

11

12

13

14                         **EXHIBIT "E"**

15

16

17

18

19

20

21

22

23

24

25

26

27

28





**CALIFORNIA DEPARTMENT OF**

# Mental Health

1600 9th Street, Sacramento, CA 95814
((916) 653-2088

September 26, 2006

Ralph W. Benitez
Office of the Public Defender
County of Santa Clara
120 West Mission Street
San Jose, CA 95110

Dear Mr. Benitez:

We have received your letter dated August 25, 2006 regarding Joseph Johnson. In that letter you demanded that the Department of Mental Health (DMH) file a Writ of Habeas Corpus pursuant to Welfare and Institutions Code (WIC) Section 7250. You also cited WIC 6604(f) that states that when the DMH has reason to believe that the person committed as a sexually violent predator is no longer a sexually violent predator, the DMH shall seek judicial review. To support your position, you submitted two evaluations and a letter from the Medical Director at Atascadero State Hospital, Dr. David Fennell.

Please be advised that Dr. Fennell, as Medical Director of Atascadero State Hospital (ASH), can represent and speak for ASH in that capacity, but does not represent the Department's opinion nor does he speak for the Department when the statute calls for action by the "Department" or the "Director of the Department." The final decision on whether or not to proceed, and how to proceed, on any case, when the statute calls for action or decision by the Department must be made by the Director of DMH. In addition, the letter from Dr. Fennell only states that he cannot find anything to disagree with, medically, in the evaluation reports. This does not mean that the Department has concluded, or must conclude, that your client is no longer a Sexually Violent Predator. It is for these reasons that DMH will not be filing a Writ of Habeas Corpus.

Sincerely,

*Sylvia R. Blount*

SYLVIA BLOUNT
Chief
Sex Offender Commitment Program

cc: James Cahan

1
2
3
4
5
6
7
8
9
10
11
12
13
14                                **EXHIBIT "F"**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

County of Santa Clara
Law Offices of the Public Defender
**Public Defender**
120 West Mission Street
San Jose, CA 95110
(408) 299-7700 / Fax (408) 998-8265



MARY J. GREENWOOD
Public Defender



October 10, 2006

Sylvia Blount, Chief
Sex Offender Commitment Program Evaluation
Department Of Mental Health – Sacramento
1600 9th Street, Room 250
Sacramento, CA 95814

      Re:    <u>Mr. Joseph Johnson – Santa Clara County SVP Petition # 210431</u>

              <u>Demand For The California Department of Mental Health to File a
Welfare and Institutions Code section 7250 Writ of Habeas Corpus
Pursuant to Welfare and Institutions Code section 6605 (f)</u>

Dear Ms. Blount,

Thank you for your letter dated September 26, 2006 regarding Mr. Joseph Johnson's
demand for a Writ of Habeas Corpus pursuant to Welfare and Institutions Code section
6605 (f).

The information previously provided to you included the two DMH panel doctor
evaluations concluding Mr. Johnson does not meet the 6600, et. seq. criteria (herein after
"W&I 6600"), and a letter from Doctor David K. Fennel, Medical Director of the
Atascadero State Hospital, who reviewed the evaluations and found no substantial
medical issues with which he disagreed. Attached herein, please find an additional letter
dated May 16, 2006 from the Department of Mental Health Director, Stephen W.
Mayberg, Ph.D., citing the above referenced materials.

The standard triggering DMH action as codified in Welfare and Intuitions Code section
6605, subdivision (f) is clear. The DMH must take action and seek a Writ if it has
"<u>reason to believe</u> that a person committed to it as a sexually violent predator is no longer
a sexually violent predator" (Emphasis added; hereinafter "6605 (f)").

The triggering standard is not: "In the event that the State Department of Mental Health
has <u>concluded,</u> or <u>must conclude,</u> that a person committed to it as a sexually violent
predator is no longer a sexually violent predator . . . ." A conclusion regarding SVP
status is not required by the statue. What is required is a very low threshold standing of a
"reason to believe" that the individual is no longer a sexually violent predator.

Assistant Public Defenders:  Nancy Brewer, Joe Guzman, and Nona Klippen

The evidence in this case legally obligates the DMH to take Welfare and Institutions Code sections 6605(f) and 7250 Writ of Habeas Corpus action. As explained in Director Stephen Mayberg's letter, the DMH evaluated Mr. Johnson for recommitment proceedings pursuant to W&I 6600. For those proceedings the two DMH panel doctors prepared updated mental health W&I 6600 evaluations. Both of the State panel doctors, Dr. Korpi and Dr. Coles, concluded that Mr. Johnson no longer meets the W&I 6600 criteria. Thus, both State doctors believe that he is no longer a sexually violent predator. Doctor David K. Fennel, Medical Director of the Atascadero State Hospital, reviewed the evaluations and found no substantial medical issues with which he disagreed. The DMH Medical Director's non-objection to the evaluation process, methodologies used, analysis, reasoning, substantial medical issues, or conclusions that Mr. Johnson no longer qualifies as an SVP, further supports the intellection that the "reason to believe" threshold has been met. Finally, Department of Mental Health Director, Stephen W. Mayberg, Ph.D., reviewed and cited the evaluation findings and Dr. Fennel's letter. As above, DMH Director Mayberg's non-objection to the evaluation process or professional conclusions also supports the triggering of the "reason to believe" standard.

Therefore, under section 6605 (f) the Department of Mental health has a legal duty to bring a Welfare and Institutions Code section 7250 writ of habeas corpus in the Santa Clara County Superior Court.

Mr. Joseph Johnson Jr., through his legal representative, again demands that in accordance with Welfare and Institutions Code section 6605, subdivision (f), the California Department of Mental Health, or its legal representative, take action and immediately file a writ of habeas corpus pursuant to Welfare and Institutions Code section 7250.

Mr. Joseph Johnson Jr. also demands that should the writ of habeas corpus matter be calendared before the Santa Clara County Superior Court Judge, Paul Bernal, The Department of Mental Health, or its legal representative, file a preemptory challenge pursuant to the Code of Civil Procedure 170.6 against Judge Bernal.

Thank you for your quick attention to this matter. Time is of the essence; please reply by November 14, 2006.

Very truly yours,

Ralph W. Benitez
Deputy Public Defender
(408) 299-7752

## PROOF OF SERVICE BY MAIL

I, __JOSEPH JOHNSON, JR._____, declare:

    I am, and was at the time of the service hereinafter mentioned, over the age of 18 years and ~~was~~ a party to the above-entitled cause. My (residence or business) address is

__#580-1; P.O. Box 5003; Coalinga, CA 93210_____,

and I am a resident of, or employed in, _____FRESNO_____ County, California.

On the date of _____February_____, 2008_____ I served the

____CIVIL RIGHTS COMPLAINT § 1983_____

(exact title of document(s) served)

by depositing a copy of the document(s) in the United States mail at

(location) Coalinga State Hospital, (city) _Coalinga_____,

_____FRESNO_____ County, California in a sealed envelope, with postage fully prepaid, addressed as follows: (In the space below insert the name and mailing address of each person you are serving with these documents. If the person is a party to the action or an attorney for a party, indicate that with the address).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
~~450 GOLDEN GATE AVENUE~~
SAN FRANCISCO, CA ·94102

    · At the time of mailing there was regular delivery of United States mail between the place of deposit and the place of address.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 2 2, 2008

_____
(Signature of person mailing)

__JOSEPH JOHNSON, JR.,__
(Name of person mailing, typed or printed)

JOSEPH JOHNSON, JR.,
#580-1
P.O. BOX 5003
COALINGA, CA 93210



LAGAL/CONFIDENTIAL MAIL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102



RECEIVED

FEB 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA