1 | Joseph Johnson, Jr.
2 | #000580-1
3 | P.O. Box 5003
4 | Coalinga, CA 93210
5 | Appearing In Pro Se



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CLAIFORNIA

CV 08 1177 SI (PR)

| JOSEPH JOHNSON, JR., | Case No.: |
| --- | --- |
| Plaintiff | CIVIL PATIENT'S (<u>NON</u> |
| Vs. | <u>PRISONER</u>) MOTION/ |
| STEPHEN W. MAYBERG, Ph.D Director | REQUEST/ APPLICATION TO |
| Of The California Mental Health Department; | PROCEED IN FORMA |
| SYLVIA BLOUNT, Chief Of The Sex Offender | PAUPERIS |
| Commitment Program; and JAMES S. CAHAN, | |
| Deputy District Attorney Of Santa Clara County. | |
| **Defendants** / | |

### FACTS OF COMPLAINT

Since May 25, 2000, Plaintiff Joseph Johnson, Jr., has been civilly committed to Atascadero State Hospital, now at Coalinga State Hospital("Hospital") for care and treatment under California's Sexually Violent Predators Act. Plaintiff's civil commitment began after he completed his prison term.

### PRISONER APPLICATION TO PROCEED IN FORMA PAUPERIS
### IS NOT APPLICABLE TO PLAINTIFF

Plaintiff asserts that as a civil detainee, he is *not* subject to the PLRA's requirement that

-1-

1  prisoner's seeking to file civil actions " to provide a certified copy of prisoner trust fund account
2  statement for the last six months."
3        Enacted in 1996, the PLRA imposes specific filing requirements on prisoners seeking to
4  file civil actions in forma pauperis, see 28 U.S.C. s 1915, and prisoners seeking to file civil
5  actions regarding prison conditions, see 42 U.S.C. s 1997e. These include the requirements that
6  prisoner-plaintiffs seeking to proceed in forma pauperis submit a certified copy of their prisoner
7  trust fund account statement for the previous six months, see 28 U.S.C. s 1915 (a)(2), that
8  prisoner-plaintiffs proceeding in forma pauperis pay the full amount of the filing fee, see 28
9  U.S.C. s 1915(b), … . But it is clear from the express language of these provisions that these
10 requirements apply only to "prisoners." See, e.g., 28 U.S.C. s 1915(a)(2) ("A prisoner seeking
11 to bring civil action …" (emphasis added));. 42 U.S.C. s 1997e(a) ("No action shall be brought
12 … by a prisoner …" (emphasis added)).   Thus, the denial of Plaintiff's application turn
13 initially on whether Plaintiff, who is civilly committed pursuant to California's Sexually Violent
14 Predators Act, is a prisoner within the meaning of 28 U.S.C. s 1915 . Plaintiff is not a "prisoner"
15 within the meaning of the PLRA.
16       The definition of "prisoner" for the purposes of these provisions of the PLRA is explicit:
17       As used in this section [28 U.S.C. s 1915], the term "prisoner" means any person
18 incarcerated or detained in any facility who is accused of, convicted of, sentenced for or
19 adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,
20 probation, pretrial release, or diversionary program.
21       28 U.S.C. s 1915(h); see also 42 U.S.C. s 1997e(h) (identical language). Read broadly,
22 this language could arguably be interpreted to in clued individuals-such as Plaintiff who is
23 currently detained and who have in the past been accused of, convicted of, or sentence for a
24 criminal offense.
25       But the natural reading of the text is that, to fall within the definition of "prisoner," the
26 individual in question must be currently detained as a result of accusation, conviction, or
27 sentence for a criminal offense. See West v. Macht, 986 F.Supp. 1143 (W.D.Wis.1997)
28 ("Although Plaintiff has been convicted of a criminal violation, his current detention is not part

of the punishment for that crime but is instead a civil commitment ...."); see also LaFontant v. INS, 135 F.3d 158, 165 (D.C.Cir.1998) (holding that INS detainee is not a prisoner under the PLRA); Ojo v. INS,106 F.3d 680,682 (5th Cir.1997) (same); cf. Greig v. Goord, 169 F.3d 165, 167 (2nd Cir.1999) (holding that a former prisoner was not required to comply with the PLRA); Doe v. Washington County, 150 F.3d 920, 924 (8th Cir.1998) (same); Kerr V. Puckett, 138 F.3d 321, 323 (7th Cir.1998) (same) .  As this plain language reading of the text produces a plausible result , we need not look further.  See Flores-Arellano v. INS, 5 F.3d 360,362 (9th Cir. 1993) (holding that where the plain language reading does not lead to absurd results to internal statutory inconsistencies, this reading controls).  Therefore, it held in Page v. Torrey, 201 F.3d 1136 (C.A. 9th. 2000) that only individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of convicted of, or sentence for criminal offenses are "prisoners" within the definition of 42 U.S.C. s 1997e and 28 U.S.C. s 1915.

California's Sexually Violent Predators Act provides not for criminal sanctions, but for civil commitment of an individual who has been :
convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.

Cal. Welf. & Inst. Code s 6600(a); see also Hubbart v. Superior Court of Santa Clara County, 19 Cal. 4th 1138, 1179, 81 Cal. Rptr.2d 492, 969 P.2d 584 (1999) (finding that California's Sexually Violent Predators Act provides not for punishment but for civil commitment).

Thus, Plaintiff like Page although were "prisoners" within the meaning of the PLRA when they served time for their conviction, Plaintiff like Page ceased being a "prisoner" when he was released from the custody of the Department of Corrections. See Cal. Welf. & Inst. Code s 6601; see also LaFontant, 135 F.3d at 165 ("Although LaFontant was a 'prisoner' for the purposes of the PLRA when he served time for past convictions, he ceased being a 'prisoner' at the time he was released on parole."). Plaintiff's current detention is not part of the punishment

for his criminal conviction but rather a civil commitment for non-punitive purpose. See Cal. Welf. & Inst. Code s 6602.5; s 6604; Hubbart, 19 Cal.4th at 1171-79, 81 Cal. Rptr.2d 492, 969 P.2d 584 (holding that California's Sexually Violent Predators Act established civil commitment proceedings and that petitioner had not demonstrated that the Act imposed punishment).

Therefore, the Ninth Circuit Court of Appeals agreed with Page and the State of California that Page like Plaintiff is not a "prisoner" within the meaning of the PLRA. Accord West, 986 F.Supp. at 1143 (holding that person confined under Wisconsin's sexual predator law was not a prisoner under PLRA).

Accordingly, ***the Court also held that neither the PLRA's requirement that prisoner-plaintiffs seeking to proceed in forma pauperis must provide copies of prisoner trust fund account* statements,** . . . .

Plaintiff/Patient has taken the liberty to fill out and enclose an Non Prisoner Application To Proceed In Forma Puaperis, and exercising his right in not providing copies of his trust fund account statements pursuant and within the meaning of the Prison Litigation Reform Act. **Page v. Torrey, 201 F.3d 1136,1140 (9th Cir. 2000).**

Plaintiff submit this application to proceed in forma pauperis on the appropriate form pursuant to 28 U.S.C. § 1915. Accordingly, (See attached).

Date: February 22, 2008

*Joseph Johnson, Jr.* [signature]
Joseph Johnson, Jr.
PLAINTIFF/PATIENT/APPLICANT/PRO SE.

1  Joseph Johnson, Jr.
2  CO#000580-1
3  P.O. Box 5003
4  Coalinga, CA 93210
5  Pro Se.
6
7
8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10
11 | JOSEPH JOHNSON, JR.,                    | CASE NO.:
12 |        Plaintiff                         | A NON PRISONER
13 | Vs.                                      | APPLICATION TO PROCEED IN
14 | STEPHEN W. MAYBERG, Ph. D. Director      | <u>FORMA PAUPERIS</u>
15 | Of The California Mental Health Department;
16 | SYLVIA BLOUNT, Chief Of The Sex Offender
17 | Commitment Program; and JAMES S. CAHAN,
18 | Deputy District Attorney Of Santa Clara County.
19 |        **Defendants**                    /

20      I, Joseph Johnson, Jr., declare, under penalty of perjury that I am the plaintiff in the
21 above entitled case and that the information I offer throughout this application is true and correct.
22 I offer this application in support of my request to proceed without being required to proceed
23 without being require to prepay the full amount of fees, costs or give security. I state that because
24 of my poverty I am unable to pay the costs of this action or give security, and that believe that I
25 am entitled to relief.
26      In support of this application, I provide the following information:
27 1.    Are you presently employed?   Yes___   No _x_
28

1  If your answer is "yes" state both your gross and net salary or wages per month, and give the
2  name and address of your employer:
3  Gross: <u>None</u>                                              Net: <u>None</u>
4
5  Employer: <u>None</u>
6  If the answer is "no," state the date of last employment and the amount of the gross and net
7  salary and wages per month which you received. (If you are in Imprisoned, specify the last place
8  of employment prior to imprisonment.)
9        The last time I was employed was in 1981-82, as a butcher(meat-cutter) for the Butchers
10 Union of San Jose/Santa Clara County. My wages were approximately $ 170-$200 dollars a day.
11 2.   Have you received, within the past twelve(12) months, any money from any of the
12 following sources:
13     a.   Business, Profession or            Yes ___ No <u>x</u>
14         self employment
15     b.   Income from stocks, bonds,         Yes ___ No <u>x</u>
16         or royalties?
17     c.   Rent payment?                      Yes ___ No <u>x</u>
18     d.   Pensions, annuities, or            Yes ___ No <u>x</u>
19         life insurance payments/
20     e.   Federal or State welfare payments, Yes ___ No <u>x</u>
21         Social Security or other government
22         source?
23 If the answer is "yes" to any of the above, describe each source of money and state the amount
24 received from each. <u>None.</u>
25 3.   Are you married?                           Yes___       No <u>x</u>
26 Spouse's Full Name: <u>None</u>
27 Spouse's Place of Employment: None
28 Spouse's Monthly Salary, Wages or Income: <u>None</u>

1  Gross $  None                  Net:    None
2  4.        a.     List amount you contribute to your spouse's support:$  None
3            b.     List the persons other than your spouse who are dependent upon you for
4                   support and indicate how much you contribute toward their support.
5                   (NOTE: For minor children, list only their initials and age. DO NOT
6                   INCLUDE THEIR NAMES.)        NONE
7  5.        Do you own or are you buying a home?        Yes ___   No _x_
8  Estimated Market Value:   None         Amount of Mortgage:   None
9  6.        Do you own an automobile?                 Yes ___   No _x_
10 Make:   None           Year:   None       Model:    None.
11 Is it financed?  Yes ___    No _x_   If so, Total due: $  None
12 Monthly Payment: $ None .
13 7.        Do you have a bank account?  Yes ___   No _x_  (Do not include account
14 number.) Name(s) and address(es) of bank:   None.
15 Present balance(s): $  None
16 Do you own any cash?  Yes ___   No _x_    Amount:$   None
17 Do you have any other assets? (If "yes," provide a description of each asset and its estimated
18 market value.)  Yes ___   No _x_
19 8.        What are your monthly expenses?
20 Rent: $ None          Utilities:    None.
21 Food: $ None          Clothing:    None
22 Charge Accounts:
23 Name of Account            Monthly Payment              Total Owed on This Acct.
24    None                        None                              None
25 9.        Do you have any other debts? (List current obligations, indicating amounts and
26 to whom they are payable.  Do not include account numbers.)    None
27 10.       Does the complaint which you are seeking to file raise claims that have been
28 presented in other lawsuits?   Yes ___   No _x__

1  Please list the case name(s) and number(s) of the prior lawsuit(s), and the name of the court in
2  which they filed.     None.

4        I declare under the penalty of perjury that the foregoing is true and correct and
5  understand that false statement herein may result in the dismissal of my claims.

7  Date: February 22, 2008           *Joseph Johnson, Jr.* (signature)
8                                     PLAINTIFF/PATIENT/APPLICANT/PRO SE.

## PROOF OF SERVICE BY MAIL

I, __Joseph Johnson, Jr.,_____, declare:

I am, and was at the time of the service hereinafter mentioned, over the age of 18 years and not a party to the above-entitled cause. My (residence or business) address is

#580-1; P.O. Box 5003; Coalinga, CA 93210

and I am a resident of, or employed in, ___FRESNO___ County, California.
On the date of ___FEBRUARY , 2008___ I served the
CIVIL PATIENT"S NON-PRISONER MOTION/REQUEST/APPLICATION/

TO PROCEED IN FORMA PAUPERIS.

(exact title of document(s) served)

by depositing a copy of the document(s) in the United States mail at

(location) Coalinga State Hospital, (city) Coalinga,

FRESNO County, California in a sealed envelope, with postage fully prepaid, addressed as follows: (In the space below insert the name and mailing address of each person you are serving with these documents. If the person is a party to the action or an attorney for a party, indicate that with the address).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102

· At the time of mailing there was regular delivery of United States mail between the place of deposit and the place of address.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 22, 2008

_Joseph Johnson, Jr._
(Signature of person mailing)

__JOSEPH JOHNSON, JR.,__
(Name of person mailing, typed or printed)