UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH JOHNSON, JR.,            No. C 08-1177 SI (pr)

    Plaintiff,                        **ORDER OF DISMISSAL**

   v.

STEPHEN W. MAYBERG; et al.,

    Defendants.
_____/

       Plaintiff filed a motion to dismiss his complaint without prejudice. Defendants have not yet been served with process or appeared. Therefore, the motion to dismiss is GRANTED. (Docket # 4.)

       Johnson filed a non-prisoner in forma pauperis application because he is not a prisoner within the meaning of the pauper statute, 28 U.S.C. § 1915, and instead is in custody pursuant to a civil commitment as a sexually violent predator. He states that he is "exercising his right in not providing copies of his trust account statements pursuant [to] and within the meaning of the Prison Litigation Reform Act." Application, p. 4. This suggests that he does have a trust account for which statements exist. Regardless of whether a plaintiff is a prisoner or a non-prisoner, the court needs accurate information about an applicant's financial wherewithal to decide whether pauper status is appropriate. Johnson's application does not provide enough information for the court to make an informed decision as it suggests he has a trust account but refuses to provide information about it. Although a trust account statement is not mentioned on the non-prisoner in forma pauperis application form, it is an appropriate requirement for someone who is in custody and is having some or all of his basic needs met. For example, if someone in custody has $500 in a trust account and someone out of custody has $500 in a

checking account, their overall financial situations likely are not comparable because the person in custody has no housing expenses while the person not in custody may have rent and utility expenses. The in forma pauperis application is DENIED because it provides insufficient information for the court to make its decision as to whether to grant pauper status and/or to require a partial filing fee. (Docket # 2.) This denial is without prejudice to plaintiff filing a copy of his trust account statement showing the recent activity and balance of his account, or a statement under oath that he has no trust account, no later than **April 25, 2008**.

This action is DISMISSED without prejudice to plaintiff filing a new action. The clerk shall close the file.

IT IS SO ORDERED.

Dated: March 27, 2008

SUSAN ILLSTON
United States District Judge